Green,-J.
delivered the opinion of the court.
This is a garnishment against McGavock, who was summoned, to state what effects he had in his hands belonging to Mc-Cage. He answered, that as Clerk of the District Federal Court, and not otherwise, he had in his hands monies due to McCage, for dividends declared by the court from the effects of certain bankrupts; and that on the 11th of June, 1845, he was notified by the agent of Robert Bryson, that the said monies had been assigned to him by McCage.'
Upon this answer, no judgment ought to be pronounced against the garnishee.
This is not like the case of an overplus in the hands of a sheriff; but rather like the case of monies collected by a sheriff on an execution. The sheriff is not liable to garnishment for money collected by execution, because he holds the money as an officer of the court, subject to the orders of the court. When he collects a greater su m than the execution requires, he holds such overplus subject to the demand .of the defendant in the execution; and for the money so in his hands, he may be garnisheed. 1 Hump. Rep. 300. Such is not the situation of the clerk of a court, who receives money by virtue of his office. During the whole time he may have monies in his hands as clerk, he is subject to the orders of the court, in respect to the persons to whom he shall pay it. To hold that it may be taken out of his hands by garnishment, would be to deprive the court, of which he is clerk, of all control over it.
If the clerk of a court could be called on by garnishment to pay out money officially received; such a law would be most *133 inconvenient and mischievous in practice. Take for example the Clerk of the District Federal Court, as is this case. A bankrupt has often numerous creditors, and when the dividend of his effects has been declared, the clerk might be served with numerous garnishments from remote counties, where he must attend in person to answer, to the neglect of his official duties, and the detriment of the public service, to say nothing of the personal inconvenience and annoyance of himself.
But in this case, there is an additional reason why we should refuse to render judgment against the garnishee.
The garnishee states, that he has had notice, that McGage has assigned to another the dividends which have been declared in his favor. He does not know the date of the assignment, but it maybe, that it was anterior to service of the garnishee summons.
The plaintiff’s counsel argues, that the garnishee might have protected himself by a bill of interpleader.
The necessity of resorting to such a remedy, is a sufficient reason for declining to give the judgment asked for. The garnishee is not liable to a judgment, unless he makes himself liable by his own answer. And it is much more appropriate, that the plaintiff shall resort to his bill in chancery to reach this fund, than that the clerk shall be driven to a bill of inter-pleader.
Affirm the judgment.